1  Michael Adams (SBN 185835)
   madams@rutan.com
2  Proud Usahacharoenporn (SBN 278204)
   pusaha@rutan.com
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
5  Facsimile:  714-546-9035

6  Attorneys for Plaintiff
   AMERICAN AUTOMOBILE ASSOCIATION,
7  INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 AMERICAN AUTOMOBILE              CASE NO.
   ASSOCIATION, INC., a Connecticut
12 corporation,                     COMPLAINT FOR:

13          Plaintiff,              1.  FEDERAL SERVICE MARK
                                        INFRINGEMENT [15 U.S.C. §
14      vs.                             1114(1)(a) AND (b)];
                                    2.  FALSE DESIGNATION OF
15 METRO HOTEL & CAFE, an entity of     ORIGIN [15 U.S.C. § 1125(a)];
   unknown form; and DOES 1 through 10, 3.  TRADE NAME OR SERVICE
16 Inclusive,                           MARK DILUTION [15 U.S.C. §
                                        1125(c)(1)];
17          Defendants.             4.  INJURY TO BUSINESS
                                        REPUTATION AND DILUTION
18                                      [CAL. BUS. & PROF. CODE §
                                        14330];
19                                  5.  COMMON LAW UNFAIR
                                        COMPETITION AND
20                                      TRADEMARK INFRINGEMENT
                                    6.  BREACH OF CONTRACT
21
                                    DEMAND FOR JURY TRIAL
22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law

1       Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for

2 its complaint against the above-named Defendants, alleges as follows:

3                           **JURISDICTION AND VENUE**

4      1.     This Court has jurisdiction under 28 U.S.C. section 1338(a) as this

5 action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and

6 1125(c)(1), as well as under pendent jurisdiction under 28 U.S.C. section 1367.

7      2.     This Court also has jurisdiction under 28 U.S.C. section 1332 because

8 Plaintiff and Defendants are citizens of different states, and the matter in

9 controversy exceeds $75,000, exclusive of interest and costs.

10      3.     Venue is proper in the Northern District of California under 28 U.S.C.

11 section 1391(b) and (c) because Defendants reside in this judicial district, a

12 substantial part of the events, omissions and acts that are the subject matter of this

13 action occurred within the Northern District of California, and Defendants are

14 subject to personal jurisdiction and may be found in this district.

15                                **PARTIES**

16      4.     Plaintiff is a corporation organized and existing under the laws of the

17 State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow,

18 Florida.

19      5.     On information and belief, defendant Metro Hotel & Cafe is an entity

20 of unknown form located at 508 Petaluma Blvd. South, Petaluma, CA 94952.

21      6.     On information and belief, Plaintiff alleges that each of the Defendants

22 named herein as Does 1 through 10, inclusive, performed, participated in, or abetted

23 in some manner, the acts alleged herein, proximately caused the damages alleged

24 below, and are liable to Plaintiff for the damages and relief sought herein.

25      7.     On information and belief, Plaintiff alleges that, in performing the acts

26 and omissions alleged herein, and at all times relevant hereto, each of the

27 Defendants was the agent and employee of each of the other Defendants and was at

28 all times acting within the course and scope of such agency and employment with

1    the knowledge and approval of each of the other Defendants.

2         8.    The identities of the individuals and entities named as Doe Defendants

3    herein are not presently known, but Plaintiff will seek to amend the Complaint to

4    properly identify them when their proper names have been ascertained.

5                          **NATURE OF THE CASE**

6         9.    Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs

7    against Defendants for service mark infringement under 15 U.S.C. section

8    1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C.

9    section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business

10   reputation and dilution under California Business and Professions Code section

11   14330; and common law trademark and trade name infringement, and unfair

12   competition; and breach of contract.

13              **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

14        10.   Plaintiff is the owner of the famous AAA mark, U.S. service mark

15   Registration No. 0,829,265, used in connection with a number of services, including

16   but not limited to rating tourist accommodations in International Class 42.  A copy

17   of this registration is attached hereto as Exhibit A.

18        11.   Plaintiff is the owner of the famous AAA mark (stylized logo), U.S.

19   service mark Registration No. 2,158,654, used in connection with a number of

20   services, including but not limited to rating tourist accommodations in International

21   Class 42.  A copy of this registration is attached hereto as Exhibit B.

22        12.   Plaintiff is the owner of numerous other famous registered trademarks

23   incorporating the AAA marks in the United States and throughout the world.

24        13.   Plaintiff has been serving motorists under the AAA mark of

25   Registration No. 0,829,265 for more than 100 years.

26        14.   Plaintiff, by virtue of the services offered under its AAA marks, is

27   recognized throughout the world as rating tourist accommodations.

28        15.   At all relevant times hereto, Defendants have been and are in the

1  business of providing tourist accommodations using the AAA marks.  Defendants

2  use the AAA marks in conducting and promoting their business, including, without

3  limitation by displaying signage on the premises bearing the AAA marks.

4         16.    Defendants are not authorized to use the AAA marks in connection

5  with their goods or services, nor are Defendants affiliated with Plaintiff.

6         17.    Plaintiff sent cease-and-desist letters to Defendants on May 29, 2013

7  and July 29, 2013, giving notice of Plaintiff's ownership of federally registered

8  service marks and demanding that Defendants immediately cease and desist from all

9  uses of the AAA marks in connection with their goods and services.

10        18.    Despite Plaintiff's repeated demands, Defendants failed to cease and

11  desist from all uses of the AAA marks in connection with their goods and services.

12  Defendants continued to use the AAA marks in promoting their business.  As a

13  result, Plaintiff filed an action in this Court on September 12, 2013, alleging claims

14  for federal service mark infringement, false designation of origin, trade name or

15  service mark dilution, injury to business reputation and dilution, and common law

16  unfair competition and trademark infringement.  (U.S. District Court, Northern

17  District of California Case No. CV134215.)

18        19.    Pursuant to a conditional settlement between the parties, which was

19  conditioned on Defendants ceasing and desisting from all use of the AAA marks,

20  Plaintiff dismissed Case No. CV134215 without prejudice on December 4, 2013.

21        20.    On or about August 8, 2014, Plaintiff learned that Defendants continue

22  to prominently display signage on their business premises containing the AAA

23  marks and falsely representing that they are approved by AAA.  A copy of a

24  photograph of Defendants' business premises taken on or around August 8, 2014

25  showing the sign bearing Plaintiff's mark is attached as Exhibit C.

26        21.    Plaintiff is informed and believes and based thereon alleges that despite

27  Plaintiff's demands for Defendants to cease and desist using the AAA marks,

28  despite the prior lawsuit, and despite the parties' written agreement, Defendants

1  failed to cease and desist from all uses of the AAA marks in connection with their
2  goods and services and Defendants to this day continue to use the AAA marks in
3  promoting their business.

## FIRST CLAIM FOR RELIEF

### (Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))

6        22.    Plaintiff repeats and incorporates herein by reference each and every
7  allegation contained in Paragraphs 1 through 21 above, inclusive, as though fully set
8  forth herein.

9        23.    Plaintiff is the owner of a number of federal trademark and service
10 mark registrations that incorporate the AAA marks and specifically asserts
11 ownership of the following:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 0,829,265 | AAA | May 23, 1967 |
| 2,158,654 | AAA (stylized logo) | May 19, 1998 |

15       24.    Plaintiff first used the AAA mark of Registration No. 0,829,265 in
16 connection with rating tourist accommodations at least as early as 1903 and has
17 continued and expanded use thereof up to the present.  Thus, long before the acts
18 complained of herein, motorists and members of the general consumer population in
19 the United States and across the world have recognized the AAA mark as an
20 exclusive source identifier for tourist accommodation ratings originating from
21 Plaintiff.  The registration for the AAA mark is incontestable under section 15 of the
22 Lanham Act, 15 U.S.C. section 1065, and it constitutes conclusive evidence of
23 Plaintiff's exclusive right to use the AAA mark in connection with rating tourist
24 accommodations.

25       25.    Plaintiff first used the AAA mark (stylized logo) of Registration No.
26 2,158,654 in connection with rating tourist accommodations at least as early as
27 March 1, 1997, and has continued and expanded use thereof up to the present.  Thus,
28 long before the acts complained of herein, motorists and members of the general

Rutan & Tucker LLP
attorneys at law

1  consumer population in the United States and across the world have recognized the

2  AAA mark (stylized logo) as an exclusive source identifier for tourist

3  accommodation ratings originating from Plaintiff.  The registration for the AAA

4  mark (stylized logo) is incontestable under section 15 of the Lanham Act, 15 U.S.C.

5  section 1065, and it constitutes conclusive evidence of Plaintiff's exclusive right to

6  use the AAA mark (stylized logo) in connection with tourist accommodation ratings.

7        26.    Plaintiff's registered service marks identified above are valid and

8  subsisting and remain in full force and effect as evidence of the validity thereof and

9  Plaintiff's ownership of the marks in connection with the services specified in the

10  registration.

11       27.    As a result of the long period of use and extensive advertisement and

12  sale of services under the AAA and AAA (stylized logo) marks, motorists and

13  members of the general consumer population in the United States and across the

14  world recognize the AAA and AAA (stylized logo) marks as exclusive source

15  identifiers for tourist accommodation ratings originating from Plaintiff.

16       28.    Defendants' use of the AAA marks in interstate commerce in

17  connection with their goods and services is causing and will continue to cause a

18  likelihood of confusion, mistake, and deception with respect to: (a) the source and

19  origin of the goods and services offered by Defendants; (b) the affiliation,

20  connection, and association of Plaintiff with Defendants; and (c) Plaintiff's

21  sponsorship, approval, and/or control of the goods and services offered by

22  Defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and

23  (b).

24       29.    On information and belief, Defendants are now committing the acts

25  complained of above and have continued to do so in defiance of Plaintiff's requests

26  that they cease such acts.

27       30.    Defendants' acts and conduct constitute federal service mark

28  infringement that has caused and, unless restrained and enjoined by this Court, will

1   continue to cause a likelihood of consumer confusion, mistake, and deception.

2       31.   On information and belief, Defendants' acts of service mark

3   infringement in violation of the Lanham Act have caused financial injury and

4   damages to Plaintiff and have been willful, making this an exceptional case within

5   the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff

6   to damages, attorneys' fees, and costs.

7       32.   Plaintiff is entitled to damages as a result of Defendants' actions and

8   conduct and, because such damages alone do not provide Plaintiff with an adequate

9   remedy at law, Plaintiff is also entitled to injunctive relief.

10                 **SECOND CLAIM FOR RELIEF**

11     **(Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))**

12       33.   Plaintiff repeats and incorporates herein by reference each and every

13   allegation contained in Paragraphs 1 through 32 above, inclusive, as though fully set

14   forth herein.

15       34.   Defendants, either independently or through collaboration with one

16   another, are using the AAA marks in connection with their goods and services.

17       35.   On information and belief, Defendants use the AAA marks in

18   commerce, which use has been done with the deliberate intent of capitalizing and

19   trading on the good will and reputation of Plaintiff.

20       36.   The use in commerce of the AAA marks by Defendants will tend to

21   cause and, on information and belief, has caused the relevant public and trade to

22   believe erroneously that Defendants' services are associated, authorized, sponsored,

23   or controlled by Plaintiff.

24       37.   Defendants' use in commerce of the AAA marks in connection with

25   their goods and services constitutes a false designation of the origin and/or

26   sponsorship of such goods and services and falsely describes and represents such

27   goods and services.

28       38.   By their acts as alleged herein, Defendants have falsely designated and

1   represented goods and services sold in commerce in violation of 15 U.S.C. section

2   1125(a) and have otherwise used the good will of Plaintiff to sell Defendants' own

3   goods and services and have otherwise competed unfairly with Plaintiff.

4       39.   On information and belief, Defendants are now committing the acts

5   complained of above and have continued to do so in defiance of Plaintiff's request

6   that they cease such acts.

7       40.   Defendants, after due notice, have displayed a willful course of conduct

8   toward appropriation and destruction of Plaintiff's rights in and to the AAA marks.

9       41.   Defendants' wrongful acts and conduct as alleged herein have

10  permitted or will permit them to generate substantial sales and profits on the

11  strength of Plaintiff's substantial advertising, sales, consumer recognition, and good

12  will in connection with the AAA marks.

13      42.   As a result of Defendants' wrongful acts alleged herein, Plaintiff has

14  suffered and will continue to suffer monetary damage in an amount not thus far

15  determined.

16      43.   On information and belief, Defendants' acts of unfair competition by

17  false designation of origin in violation of the Lanham Act have caused financial

18  injury and damages to Plaintiff and have been willful, making this an exceptional

19  case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby

20  entitling Plaintiff to damages, attorneys' fees, and costs.

21      44.   Defendants' acts and conduct constitute unfair competition that has

22  caused and, unless restrained and enjoined by this Court, will continue to cause

23  irreparable harm, damage, and injury to Plaintiff's good will and business

24  reputation.

25      45.   Plaintiff is entitled to damages as a result of Defendants' actions and

26  conduct and, because such damages alone do not provide Plaintiff with an adequate

27  remedy at law, Plaintiff is entitled to injunctive relief.

28

### THIRD CLAIM FOR RELIEF

**(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))**

46.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 45 above, inclusive, as though fully set forth herein.

47.    Plaintiff's AAA trade name and service marks were used in commerce long before Defendants' adoption and use of AAA marks in connection with their goods and services.

48.    Plaintiff's AAA trade name and service marks have become famous because of long, extensive, continuous, and exclusive use by Plaintiff in connection with rating tourist accommodations, such fame occurring long before Defendants' adoption and use of the AAA marks in connection with their goods and services.

49.    Defendants use the AAA marks in promoting their goods and services in the same trade areas and channels of trade in which Plaintiff's AAA trade name and service marks are recognized and famous.

50.    On information and belief, Defendants' use of the AAA marks has lessened the capacity of Plaintiff's famous AAA trade name and service marks to identify and distinguish Plaintiff's goods and services.

51.    Defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff's famous AAA trade name and service marks by the low quality of Defendants' goods and services.

52.    On information and belief, Defendants' acts of trade name or service mark dilution in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

53.    Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c).

1   Therefore, Plaintiff is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation and Dilution –

### Cal. Bus. & Prof. Code § 14247)

54.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 53 above, inclusive, as though fully set forth herein.

55.     Plaintiff is the owner of marks that are distinctive and famous in the State of California.

56.     On information and belief, Defendants have used and continue to use the famous AAA marks after the marks became famous, which use dilutes the distinctive quality of Plaintiff's marks.

57.     On information and belief, Defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute the AAA marks and with the intention to cause dilution of the marks.

58.     As a result of the actions described herein, Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

59.     Plaintiff has no adequate remedy at law and is being irreparably damaged by Defendants' acts in violation of California Business & Professions Code section 14247.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trade Name and Trademark Infringement,

### and Unfair Competition)

60.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 59 above, inclusive, as though fully set forth herein.

1      61.    Defendants' actions and conduct as alleged herein constitute unfair

2 competition under California common law.

3      62.    Defendants' actions and conduct in adopting and using the AAA marks

4 in California constitute trademark infringement under California common law.

5      63.    Defendants have caused and, unless restrained and enjoined by this

6 Court, will continue to cause irreparable harm, damage, and injury to Plaintiff,

7 including but not limited to injury to Plaintiff's good will and business reputation.

8      64.    Plaintiff has no adequate remedy at law, and Plaintiff is being

9 irreparably damaged by Defendants' acts in violation of California common law,

10 entitling Plaintiff to injunctive relief.

11     65.    Defendants' actions and conduct as alleged herein are malicious and

12 fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

### SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

15     66.    Plaintiff repeats and incorporates herein by reference each and every

16 allegation contained in Paragraphs 1 through 65 above, inclusive, as though fully set

17 forth herein.

18     67.    On or around December 4, 2013, Plaintiff and Defendants entered into

19 a written agreement whereby Defendants agreed to cease and desist from using the

20 AAA marks.

21     68.    Plaintiff performed all of the obligations required of it under the

22 parties' agreement, except for where otherwise excused by Defendants' conduct.

23     69.    Defendants breached the agreement by, among other things, continuing

24 to use the AAA Marks on their business signage in promoting their business and

25 falsely representing their business as approved by AAA.

26     70.    As a result of Defendants' breach, Plaintiff suffered damage in an

27 amount to be proved at trial.

28     71.    The agreement between the parties further provides that in any action

1   seeking enforcement of the agreement, the prevailing party shall be entitled to

2   reasonable attorneys' fees and costs.

3   **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff prays for an order and judgment against Defendants,

5   and each of them, as follows:

6        1.      That Defendants, and each of them, their officers, directors, partners,

7   agents, servants, employees, attorneys, confederates, and all persons acting for,

8   with, by, through or under them, and any others within their control or supervision,

9   and all others in active concert or participation with the above, be enjoined during

10   the pendency of this action and permanently thereafter from using the designation

11   "AAA" or any other name or mark incorporating Plaintiff's service marks, either

12   alone or in combination with other words or symbols, in the marketing, sales,

13   distribution, promotion, advertising, identification, or in any other manner in

14   connection with any tourist accommodations and other related services at any

15   locality in the United States;

16        2.      That Defendants, and each of them, their officers, directors, partners,

17   agents, servants, employees, attorneys, confederates, and all persons acting for,

18   with, by, through or under them, and any others within their control or supervision,

19   and all others in active concert or participation with the above, be enjoined during

20   the pendency of this action and permanently thereafter from using the designation

21   "AAA" or any other name or mark incorporating Plaintiff's service marks in any

22   form or manner that would tend to identify or associate Defendants' businesses or

23   services with Plaintiff in the marketing, sale, distribution, promotion, advertising,

24   identification, or in any other manner in connection with any business;

25        3.      That Defendants, and each of them, their officers, directors, partners,

26   agents, servants, employees, attorneys, confederates, and all persons acting for,

27   with, by, through or under them, and any others within their control or supervision,

28   and all others in active concert or participation with the above, be enjoined during

1  the pendency of this action and permanently thereafter from referring to their

2  businesses as "triple A approved" or "approved by triple-A" (either orally or in

3  writing) in the marketing, sale, distribution, promotion, advertising, identification,

4  or in any other manner in connection with any business;

5       4.    That Defendants, and each of them, their officers, directors, partners,

6  agents, servants, employees, attorneys, confederates, and all persons acting for,

7  with, by, through or under them, and any others within their control or supervision,

8  and all others in active concert or participation with the above, be enjoined during

9  the pendency of this action and permanently thereafter from representing to anyone

10 (either orally or in writing) that their businesses are affiliated with Plaintiff in any

11 way or are approved by AAA;

12      5.    For an order requiring Defendants to deliver to Plaintiff's attorney

13 within thirty (30) days after the entry of any preliminary or permanent injunction, to

14 be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages,

15 wrappers, containers, advertising materials, stationery, and any other items in their

16 possession or control that contain the infringing designation "AAA" or any other

17 name or mark incorporating Plaintiff's service marks, either alone or in combination

18 with other words and symbols;

19      6.    For an order requiring Defendants to remove from their business

20 premises within thirty (30) days after the entry of any preliminary or permanent

21 injunction, all instances of the "AAA" designation, and to destroy all molds, plates,

22 masters, or means of creating the infringing items;

23      7.    For an order requiring Defendants to instruct, within thirty (30) days

24 after the entry of any preliminary or permanent injunction, any print directory,

25 Internet directory, or website that they have caused to carry the AAA mark, to cease

26 using such names at the earliest possible date;

27      8.    For an order requiring Defendants to file with the Clerk of this Court

28 and serve Plaintiff, within thirty (30) days after the entry of any preliminary or

1   permanent injunction, a report in writing, under oath, setting forth in detail the

2   manner and form in which Defendants have complied with 1 through 7 above;

3         9.     For an award of Defendants' profits and Plaintiff's damages in an

4   amount not yet ascertained but believed to exceed $500,000;

5         10.    For an award of three times Plaintiff's damages or Defendants' profits

6   in view of the intentional and willful nature of Defendants' acts, pursuant to 15

7   U.S.C. section 1117;

8         11.    For an award of punitive damages according to proof;

9         12.    For an award of reasonable attorneys' fees under 15 U.S.C.

10   section 1117 and pursuant to the parties' written agreement;

11         13.    For an award of pre- and post-judgment interest at the highest rate

12   allowed by law;

13         14.    For an award of costs and disbursements incurred in this action; and

14         15.    For such further relief as this Court shall deem just and proper.

15

16   Dated:  August 26, 2014          RUTAN & TUCKER, LLP

17                                 MICHAEL D. ADAMS
                              PROUD USAHACHAROENPORN

18                                 By: _____

19                                   Michael D. Adams

20                                   Attorneys for Plaintiff
                              AMERICAN AUTOMOBILE

21                                   ASSOCIATION, INC.

22

23

24

25

26

27

28

1                                 **DEMAND FOR JURY TRIAL**

2        AMERICAN AUTOMOBILE ASSOCIATION, INC. hereby demands a jury

3 trial in this action.

4

5 Dated:  August 26, 2014              RUTAN & TUCKER, LLP

6                                     MICHAEL D. ADAMS
                                     PROUD USAHACHAROENPORN

7                           By:  _____

8                              Michael D. Adams
                               Attorneys for Plaintiff

9                              AMERICAN AUTOMOBILE

10                            ASSOCIATION, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law

2314/017601-0104
7381478.3 a08/26/14             -15-
                              COMPLAINT